Fill in this information to identify the case:

United States Bankruptcy Court for the:
_____ District of Delaware
(State)

Case number (If known): _____ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | PARTS iD, Inc. |
| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names, and *doing business as* names | Onyx Enterprises Int'l, Inc.<br>Legacy Acquisition Corp. |
| 3. | Debtor's federal Employer Identification Number (EIN) | 8 1 – 3 6 7 4 8 6 8 |

4. Debtor's address

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 1 Corporate Drive<br>Number    Street<br>Suite C<br><br>Cranbury      NJ    08513<br>City          State  ZIP Code<br><br>Middlesex<br>County | Number    Street<br><br>P.O. Box<br><br>City          State  ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>Number    Street<br><br>City          State  ZIP Code |

5. Debtor's website (URL)   https://www.partsidinc.com/

Debtor  **PARTS iD, Inc.**  
Name

Case number (*if known*) _____

**6. Type of debtor**

- ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding LLP)
- ☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☒ None of the above

B. *Check all that apply:*

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

4 4 1 3

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check all that apply*:
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☒ A plan is being filed with this petition.
  - ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

Debtor  **PARTS iD, Inc.**
_____Name_____

Case number (*if known*) _____

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☑ No
   ☐ Yes. District _____ When __/__/____ Case number _____
   District _____ When __/__/____ Case number _____

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No
    ☑ Yes. Debtor **PARTS iD, LLC**   Relationship **Subsidiary**
    District **Delaware**   When **12/26/2023**
    Case number, if known _____

11. **Why is the case filed in *this* district?**

    Check all that apply:

    ☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☑ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply*.)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
    Number   Street
    _____
    City   State ZIP Code

    **Is the property insured?**
    ☐ No
    ☐ Yes. Insurance agency _____
    Contact name _____
    Phone _____

**Statistical and administrative information**

Debtor  PARTS iD, Inc.  
_____Name_____  

Case number (if known) _____

---

**13. Debtor's estimation of available funds**

Check one:
- ☑ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

- ☐ 1-49
- ☐ 50-99
- ☐ 100-199
- ☐ 200-999
- ☑ 1,000-5,000
- ☐ 5,001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than 100,000

**15. Estimated assets**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☑ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☑ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  12/26/2023  
            MM / DD / YYYY

X /s/ Lev Peker                               Lev Peker  
Signature of authorized representative of debtor    Printed name

Title  Chief Executive Officer

---

Debtor   PARTS iD, Inc.
         Name

Case number (*if known*) _____

**18. Signature of attorney**   ✗ /s/ R. Craig Martin

Signature of attorney for debtor

Date  12/26/2023
      MM / DD / YYYY

R. Craig Martin
Printed name

DLA Piper LLP (US)
Firm name

1201    North Market Street
Number   Street

Wilmington                                    DE      19801
City                                          State   ZIP Code

(302) 468 -5700                               craig.martin@us.dlapiper.com
Contact phone                                 Email address

5032                                          DE
Bar number                                    State

Official Form 201A (12/15)

Debtor: PARTS iD, Inc.                                                                Case Number (if known): _____

**Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11**

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is __81-3674868__.

2. The following financial data is the latest available information and refers to the debtor's condition on __September 30, 2023__.

   a. Total assets                                                                $18,697,244
   b. Total debts (including debts listed in 2.c. below)                          $55,026,246
   c. Debt securities held by more than 500 holders

                                                                                                        Approximate
                                                                                                         number of
                                                                                                          holders:

      secured ___  unsecured ___  subordinated ___  $_____          _____
      secured ___  unsecured ___  subordinated ___  $_____          _____
      secured ___  unsecured ___  subordinated ___  $_____          _____
      secured ___  unsecured ___  subordinated ___  $_____          _____
      secured ___  unsecured ___  subordinated ___  $_____          _____

   d. Number of shares of preferred stock (inclusive of Series B, C and D)        0
   e. Number of shares of common stock                                            42,932,553

   Comments, if any: Total assets and total debts listed above are in accordance with the Debtor's unaudited financial statements as of September 30, 2023, as set forth in the Debtor's Form 10-Q filed on December 8, 2023. The Debtor's Form 10-Q lists the consolidated total assets and total liabilities of the Debtor and its Debtor subsidiary with all intercompany transactions eliminated in consolidation. To the Debtor's knowledge, the shares of stock listed above are those outstanding as of November 27, 2023.

3. Brief description of debtor's business: Digital commerce platform for aftermarket automotive parts.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
Onyx Enterprises Canada Inc., Stanislav Royzenshteyn, and Cede & Co.

Official Form 201A           Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

# AUTHORIZED OFFICER'S CERTIFICATE

## December 26, 2023

This Authorized Officer's Certificate (this "Certificate") is furnished in connection with those certain chapter 11 petitions filed on December 26, 2023 (as amended, modified or supplemented from time to time, the "Petitions"), by PARTS iD, Inc., a Delaware corporation, and PARTS iD, LLC, a Delaware limited liability company (each the "Company").

The undersigned, being an Authorized Officer of each Company, hereby certifies, solely in his capacity as such and not in his individual capacity and without personal liability, that attached hereto is a true, correct and complete copy of the resolutions duly adopted by the board of directors or member, as applicable of each Company (as such term is defined therein) on the date hereof, in accordance with bylaws, or operating agreement, as applicable, of such Company and the requirements of applicable law, and such resolutions have not been modified, rescinded or amended and are in full force and effect as of the date of this Certificate.

**IN WITNESS WHEREOF,** the undersigned has duly executed and delivered this Certificate as of the date first written above.

By: _/s/ Lev Peker_
Name: Lev Peker
Title: Chief Executive Officer

# RESOLUTIONS
# OF

## THE BOARD OF DIRECTORS OF
## PARTS iD, INC.

## AND

## THE SOLE MEMBER OF
## PARTS iD, LLC

December 19, 2023

**Financing**

  **WHEREAS**, (i) all of the members of the Board of Directors (the "***Board***") of PARTS iD, Inc., a Delaware corporation ("***PARTS Inc.***") and (ii) the sole member (the "***Member***", and together with the Board, the "***Governing Bodies***", and each individually a "***Governing Body***") of PARTS iD, LLC, a Delaware limited liability company ("***PARTS LLC***", and together with PARTS Inc., the "***Companies***", and each individually a "***Company***")have determined that it is advisable and in the best interests of the Companies to enter into that certain (i) Credit Agreement, to be dated on or about December __, 2023, by and among, among others, Fifth Star, as New Money DIP Lender (in such capacity, the "***New Money Dip Lender***"), the roll-up DIP lenders from time to time party thereto (the "***Roll-Up DIP Lenders***", and together with the New Bridge Lender and the New DIP Money Lender, the "***Lenders***"), Fifth Star, as administrative agent (the "***Administrative Agent***") and the Companies, as borrowers (in such capacity, the "***Borrowers***") (as amended, restated, supplemented or otherwise modified from time to time, the "***Credit Agreement***", together with all documents, agreements and instruments delivered in connection with the Credit Agreement, including the Credit Agreement and the Pledge and Security Agreement (as defined below) and with all amendments, amendments and restatements, supplements, and modifications thereto, the "***Loan Documents***") and (ii) Pledge and Security Agreement, dated on or about December __, 2023, by and among the Borrowers, as grantors, and the Administrative Agent (the "***Pledge and Security Agreement***"). Capitalized terms used herein and not otherwise defined herein shall have the meanings assigned to such terms in the Credit Agreement;

  **WHEREAS**, in connection with and pursuant to, the Credit Agreement and the other Loan Documents, the Companies have requested that the Lenders make available a secured credit facility, pursuant to which (i) the New Money DIP Lender will provide a "new money" term loan facility in the form of post-petition debtor-in-possession financing under Section 364 of the Bankruptcy Code in an aggregate principal amount expected to be at least $6,000,000, subject to the terms set forth in the Credit Agreement and the DIP Order (the "***DIP Loan***") and (ii) certain of the Bridge Loans of each Roll-Up DIP Lender (including the New Bridge Loan) will be deemed exchanged into post-petition term loans pursuant to the terms set forth in the Credit Agreement (collectively, the "***Financing***");

  **WHEREAS**, each Governing Body has had an opportunity to review the terms of the Financing, the Loan Documents and all of the other transactions contemplated thereby;

  **WHEREAS**, each Governing Body has determined that the Financing and the Loan Documents are in the best interests of the applicable Company, its stockholders and its creditors.

  **NOW, THEREFORE, BE IT:**

**RESOLVED**, that the Governing Bodies hereby ratify, authorize and approve the Financing (including, subject to approval of the Bankruptcy Court, the New Money DIP Loans) in all respects, including the incurrence of the indebtedness and the grant of the security interests in any and all of each Company's respective now owned and hereafter acquired Collateral (as defined in the Loan Documents); and it is further

**RESOLVED**, that that the Governing Bodies hereby ratify, authorize and approve the execution and delivery, by the Authorized Officers of each Company on behalf of such Company, of the Loan Documents, together with any amendments or modifications thereto as any such officer may approve, and the execution of such documents by such officer shall conclusively establish his or her authority to make such changes and the approval and ratification by each Company, as applicable, of the changes so made.

## Chapter 11 Filing

**WHEREAS**, the Governing Bodies of each Company have surveyed potential restructuring options for the applicable Company and considered presentations by management and the advisors to such Company regarding the assets, liabilities and short- and long-term liquidity situation of such Company, and the impact of the foregoing on such Company's business, prospects and enterprise value;

**WHEREAS**, the Governing Bodies of each Company had the opportunity to consult with and ask questions of the management, the legal and financial advisors and other consultants to the applicable Company, and has fully considered each of the strategic alternatives available to such Company; and

**WHEREAS**, in the judgment of the Governing Bodies, after consulting with the management, legal and financial advisors of, and other consultants to, the Companies, it is desirable and in the best interests of the Companies, their creditors, their equity holders and other parties in interest, that the Companies each file or cause to be filed forthwith a voluntary petition for relief (such voluntary petition commencing a "*Chapter 11 Case*") under Chapter 11 of the United States Bankruptcy Code (Title 11 of the United States Code) (the "*Bankruptcy Code*").

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that the members of the Board have considered their fiduciary duties under applicable law in exercising their powers and discharging their duties, to act honestly and in good faith with a view to the best interests of the Company as a whole, to exercise the care, diligence, and skill that a reasonably prudent person would exercise in comparable circumstances; and it is further

**RESOLVED**, that each Company shall be, and hereby is, authorized to file or cause to be filed forthwith a Chapter 11 Case under the provisions of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*"); and it is further

**RESOLVED**, that, to the extent not already appointed and currently serving as such pursuant to separate resolutions or consents of each Company, the following individuals be, and hereby are, appointed as an officer of each Company with the titles set forth next to his or her name below, to serve until his or her successor(s) are duly elected and qualified:

| | |
|---|---|
| Arkady Goldinstein<br>Managing Director of SRV Partners, LLC | Interim Chief Financial Officer |

**RESOLVED**, that John Pendleton, Lev Peker, Arkady Goldinstein, as Interim Chief Financial Officer, and any other authorized officer (or their designees and delegates) of the applicable Company

(collectively, the "**Authorized Officers**"), acting alone or with one or more other Authorized Officers be, and hereby are, authorized, empowered and directed to execute and file on behalf of the applicable Company all petitions, schedules, lists, motions, certificates, declarations, papers and documents, and to take any and all action that any one or more deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of such Company's business or to successfully prosecute the Chapter 11 Case; and it is further

**RESOLVED**, that the Authorized Officers are hereby authorized and instructed to make such arrangements as they deem necessary or proper for the applicable Company to use existing "Cash Collateral" as that term is defined in section 363(a) of the Bankruptcy Code, and that such Authorized Officers are hereby authorized and instructed, on behalf of and in the name of such Company, to provide certain adequate protection to Lind Global Fund II LP, as the prepetition secured lender, upon the terms set forth in a proposed Cash Collateral Order to be submitted for approval to the Bankruptcy Court, and to provide guaranties to and undertake any and all related financial transactions with the prepetition secured lenders on such terms as may be approved by any one or more of the Authorized Officers, as reasonably necessary for the continuing conduct of the affairs of the such Company; and it is further

**Retention of Professionals**

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of DLA Piper LLP (US) ("**DLA Piper**"), as general bankruptcy counsel to represent and assist the applicable Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including filing any motions, objections, replies, applications or pleadings; and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of DLA Piper; and it is further

**RESOLVED,** that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Kroll Restructuring Administration LLC ("**Kroll**"), as notice and claims agent as well as administrative, solicitation and balloting agent to represent and assist the applicable Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed, in the name of and on behalf of such Company, to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed appropriate applications for authority to retain the services of Kroll; and it is further

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals that are reasonably necessary to assist the applicable Company in carrying out its duties under the Bankruptcy Code and to advance such Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed, in the name of and on behalf of the applicable Company, to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed appropriate applications, to the extent necessary, for authority to retain the services of any such additional professionals; and it is further

**Debtor-in-Possession Financing**

**RESOLVED**, that in connection with the commencement of Chapter 11 Cases by each Company, as applicable, any Authorized Officer, acting on behalf of such Company for which such Authorized Officer serves as an officer, shall be, and hereby is, authorized, directed, and empowered, in the name and on behalf of such Company, as debtors and debtors in possession, to negotiate

**Approval under Section 144 of the DGCL**

**WHEREAS**, Mr. Peker is a current member of the Board and PARTS Inc.'s Chief Executive Officer and Mr. Rigaud is a current member of the Board (collectively, the "*Interested Directors*");

**WHEREAS**, pursuant to Section 144 of the DGCL ("*Section 144*"), no contract or transaction between PARTS Inc. and one or more of its directors or officers, or between PARTS Inc. and any other corporation, partnership, association or other organization in which one or more of its directors or officers is a director or officer of, or has a financial interest in (any such contract or transaction is referred to herein as an "*Interested Party Transaction*"), shall be void or voidable solely for that reason, or solely because the director or officer is present at or participates in the meeting of the Board which authorized the Interested Party Transaction or solely because the vote of any such director is counted for such purpose, if: (i) the material facts as to the director's or officer's relationship or interest and as to the contract are disclosed or known to the Board, and the Board in good faith authorizes the contract or transaction by affirmative votes of a majority of the disinterested directors, even though the disinterested directors be less than a quorum, (ii) the material facts as to the director's or officer's relationship or interest as to the contract or transactions are disclosed or are known to the stockholders entitled to vote thereon, and the contract or transaction is specifically approved in good faith by the vote of the stockholders or (iii) the contract or transaction is fair as to PARTS Inc. as of the time it is authorized, approved or ratified by the Board or the stockholders; and

**WHEREAS**, the Interested Directors have a financial interest, directly or indirectly, in the Financing, the Loan Documents and such transactions contemplated thereby are collectively, an "*Interested Party Transaction*".

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that the Board hereby acknowledges that (a) all material facts as to the director's relationships or interests as to the transactions set forth in the preceding resolutions have been disclosed and are known to the Board and (b) PARTS Inc. has negotiated the terms and conditions of the Financing and the Loan Documents in an arms-length transaction involving a third party; and it is further

**RESOLVED**, that the Board in good faith deems the Financing and the Loan Documents, and any arrangements entered into in connection therewith, in each case as may be amended, supplemented or modified from time to time in accordance with its terms, to be fair, just and reasonable and in the best interests of PARTS Inc. and its stockholders; and it is further

**RESOLVED**, that the Financing and the Loan Documents and arrangements entered into in connection therewith, as may be amended, supplemented, or modified from time to time in accordance with its terms and any direct or indirect participation of the Interested Directors are hereby authorized, approved and ratified for all purposes, including for purposes of each provision and subsection of Section 144.

**General Authority**

**RESOLVED**, that the Authorized Officers of each Company be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of such Company, or otherwise, (a) to execute, deliver and perform all such instruments, documents and certificates, including all required filings with the SEC and applications with the NYSE American, (b) to execute any and all certificates, financing statements, including, without limitation, UCC-1 financing statements in favor of the Administrative Agent, and any other documents in connection therewith, (c) to take all such further and other action in connection with the resolutions hereinabove adopted as they may deem necessary, advisable, or proper to effectuate the intent and accomplish the purposes of the foregoing resolutions and (d) to incur all such fees and

expenses as any such Authorized Officer deems to be necessary, appropriate or advisable to carry out the purposes of the foregoing resolutions and the transactions contemplated thereunder and/or to successfully complete the Chapter 11 Case, the taking of any such action or execution of any such documents and/or agreements to constitute conclusive evidence and the exercise of such discretionary authority; and it is further; and it is further

**RESOLVED**, that the omission from these resolutions of any agreement or other arrangement contemplated by any of the agreements or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirements of any of the agreements or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Officers to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by and the intent and purposes of the foregoing resolutions; and it is further

**RESOLVED**, that the Governing Bodies of each Company have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of such Company, or hereby waive any right to have received such notice; and it is further

**RESOLVED**, that the Member is hereby authorized, empowered and directed from time to time to enter into, execute, deliver and perform the obligations of PARTS LLC under, in the name and on behalf of PARTS LLC, certificates and other deliverables related to the Financing or the Loan Documents; and it is further

**RESOLVED**, that the Governing Bodies hereby ratify and confirm any and all acts heretofore taken in connection with the foregoing resolutions by the Authorized Officers of each Company in good faith in their capacities as such officers as the valid and binding acts of such Company duly approved by the Governing Bodies.

Fill in this information to identify the case:

Debtor Name: PARTS iD, Inc.

United States Bankruptcy Court for the: District of Delaware

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 204
Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders          12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | TURN 14 DISTRIBUTION<br>Attn: Jon Pulli<br>100 TOURNAMENT DRIVE,<br>SUITE 100<br>HORSHAM, PA 19044 | TURN 14 DISTRIBUTION<br>Tel:<br>Email: jpulli@turn14.com | TRADE CLAIM | | | | $2,679,290 |
| 2 | GOOGLE<br>DEPARTMENT # 33654<br>PO BOX 39000<br>SAN FRANCISCO ,CA 94139 | GOOGLE<br>Email:google-collections-delbosque@google.com | TRADE CLAIM | | | | $2,537,001 |
| 3 | AMERICAN TIRE DIST (ATD)<br>ATTN: MARK LEVINE<br>12200 HERBERT WAYNE COURT,<br>SUITE 150<br>HUNTERSVILLE, NC 28078 | AMERICAN TIRE DIST (ATD)<br>EMAIL: jbutler@google.com | TRADE CLAIM | | | | $2,497,238 |
| 4 | AMERICAN EXPRESS PAYMENT<br>ATTN: JUDY BISGARD<br>18850 N 56TH ST<br>PHOENIX, AZ 85050 | AMERICAN EXPRESS PAYMENT<br>EMAIL: judy.a.bisgard@aexp.com | TRADE CLAIM | | | | $2,246,369 |
| 5 | KEYSTONE AUTOMOTIVE<br>ATTN: BILL ROGERS<br>44 TUNKHANNOCK AVE<br>EXETER, PA 18643 | KEYSTONE AUTOMOTIVE<br>EMAIL: brogers@lkqcorp.com | TRADE CLAIM | | | | $2,015,388 |
| 6 | FACTORY MOTOR PARTS<br>ATTN: MIKE MCGURRAN<br>2782 EAGANDALE BLVD<br>EAGAN, MN 55121 | FACTORY MOTOR PARTS<br>EMAIL: m.mcgurran@fmpco.com | TRADE CLAIM | | | | $1,873,016 |

Debtor   PARTS iD, Inc.
           Name

Case number (if known) _____

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — Total claim, if partially secured | Amount of claim — Deduction for value of collateral or setoff | Amount of claim — Unsecured claim |
|---|---|---|---|---|---|---|---|
| 7 | COAST 2 COAST NATIONAL ACCOUNTS, AR DEPARTMENT 5846 CROSSINGS BLVD. ANTIOCH, TN 37013 | COAST 2 COAST EMAIL: brogers@lkqcorp.com | TRADE CLAIM | | | | $1,591,124 |
| 8 | PARTS AUTHORITY LOCKBOX 744895 6000 FELDWOOD ROAD COLLEGE PARK, GA 30349 | PARTS AUTHORITY EMAIL: lschneider@partsauthority.com | TRADE CLAIM | | | | $1,337,641 |
| 9 | DNA MOTORING 801 SENTOUS AVE CITY OF INDUSTRY, CA 91748 | EMAIL: james@dnamotoring.com | TRADE CLAIM | | | | $880,525.84 |
| 10 | POWER STOP ATTENTION: KATHRYN ACOSTA 6112 W. 73RD ST., SUITE B BEDFORD PARK, IL 60638 | POWER STOP EMAIL: bwarren@powerstop.com | TRADE CLAIM | | | | $782,321 |
| 11 | FRED BEANS PARTS, INC. 131 DOYLE STREET DOYLESTOWN, PA 18901 | FRED BEANS PARTS, INC. EMAIL: hvanhouten@fredbeans.com | TRADE CLAIM | | | | $695,228 |
| 12 | NTP DISTRIBUTION LOCKBOX NUMBER 417450 44 TUNKHANNOCK AVENUE EXETER, PA 18643 | NTP DISTRIBUTION EMAIL: brogers@lkqcorp.com | TRADE CLAIM | | | | $652,099 |
| 13 | AUTO PLUS AUTO PARTS ATTN: DANIEL JONES PO BOX 414579 BOSTON, MA 02241 | AUTO PLUS AUTO PARTS EMAIL: djones@rccmn.com | TRADE CLAIM | | | | $547,273 |
| 14 | MOTOR STATE DISTRIBUTOR ATTN: DARREN LANE 8300 LANE DRIVE WATERVLIET, MI 49098 | MOTOR STATE DISTRIBUTOR EMAIL: darrenlane@motorstate.com | TRADE CLAIM | | | | $537,049 |
| 15 | TRI-STATE ENTERPRISES ATTN: TRISTAN TAYLOR 5412 S. 24TH STREET FORT SMITH, AR 72901 | TRI-STATE ENTERPRISES EMAIL: tristan@etristate.com | TRADE CLAIM | | | | $516,301 |
| 16 | YAHOO ATTN: MARY DIEDRICH 6100 NEIL ROAD, STE 100 RENO, NV 89511 | YAHOO EMAIL: marydiedrich@microsoft.com | TRADE CLAIM | | | | $508,953 |

Official Form 204        Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims        page 2

Debtor   PARTS iD, Inc.                                                                                       Case number (if known) _____
         Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 17 | FAEGRE DRINKER BIDDLE & REATH LLP ATTN: JONATHAN R. ZIMMERMAN 600 CAMPUS DR, FLORHAM PARK, NJ 07932 | FAEGRE DRINKER BIDDLE & REATH LLP EMAIL: jon.zimmerman@faegredrinker.com | PROFFESIONAL SERVICES | | | | $495,165 |
| 18 | ENTERPRISE ROBERT THIBERT INC. ATTN: BOB HAZARD 90 TRADE ZONE COURT RONKONKOMA, NY 11779 | ENTERPRISE ROBERT THIBERT INC. EMAIL: bobhazard@rtxwheels.com | TRADE CLAIM | | | | $473,225 |
| 19 | TONSA EPIC ATTN: LEON BOBELIAN 30 SEAVIEW BLVD PORT WASHINGTON, NY 11050 | TONSA EPIC EMAIL: leon@tonsa.com | TRADE CLAIM | | | | $455,350 |
| 20 | SHERIDAN ROSS PC ATTN: AARON BRADFORD 2701 LAWRENCE STREET, SUITE 104 DENVER, CO 80205 | SHERIDAN ROSS PC EMAIL: abradford@sheridanross.com | TRADE CLAIM | | | | $402,846 |
| 21 | STEELCRAFT ATTN: RICK SANCHEZ 2120 CALIFORNIA AVE CORONA, CA 92881 | STEELCRAFT EMAIL: rick@steelcraftautomotive.com | TRADE CLAIM | | | | $390,540 |
| 22 | LAND N SEA DISTRIBUTING INC ATTN: JOHN CLARKE 3131 N. ANDREWS AVE. EXT POMPANO BEACH, FL 33064 | LAND N SEA DISTRIBUTING INC EMAIL: johnclarke@brunswick.com | TRADE CLAIM | | | | $366,529 |
| 23 | EXTREME DIMENSIONS ATTN: PAUL JUSTIN SHARP 1920 WEST MALVERN AVE FULLERTON, CA 92833 | EXTREME DIMENSIONS EMAIL: justin@extremedimensions.com | TRADE CLAIM | | | | $365,452 |
| 24 | WESTIN AUTOMOTIVE ATTN: Robert West PO BOX 844434 LOS ANGELES, CA 90084 | WESTIN AUTOMOTIVE EMAIL: RWest@westinautomotive.com | TRADE CLAIM | | | | $352,421 |
| 25 | UNITY AUTOMOTIVE ATTN: JEFF COLLINS 6600 HIGH RIDGE ROAD BOYNTON BEACH, FL 33426 | UNITY AUTOMOTIVE EMAIL: jeff@unity.com | TRADE CLAIM | | | | $302,445 |
| 26 | ZIMMER LOGISTICS CONSULTING LLC 416 SOUTH HILL AVE. NEW BRAUNFELS, TX 78130 | ZIMMER LOGISTICS CONSULTING LLC EMAIL: frank@zimmerlogistics.com | TRADE CLAIM | | | | $295,396 |

Official Form 204            **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims**            page 3

Debtor   PARTS iD, Inc.                                                     Case number (if known) _____
         Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 27 | CURT MANUFACTURING<br>ATTN: LORI GRANT<br>PO BOX 88006<br>MILWAUKEE, WI 53288 | CURT MANUFACTURING<br>EMAIL: lori.grant@curtgroup.com | TRADE CLAIM | | | | $285,467 |
| 28 | GRIFFIN PARTS<br>1940 E. MAIN ST<br>WAUKESHA, WI 53186 | GRIFFIN FORD<br>TEL: (262) 542-8058<br>EMAIL: drenteria@griffinparts.com | TRADE CLAIM | | | | $283,875 |
| 29 | AIRCORE<br>ATTN: STEVE PARKER<br>100 ROSE AVENUE<br>HEMPSTEAD, NY 11550 | AIRCORE<br>EMAIL: sparker@aircore.com | TRADE CLAIM | | | | $264,214 |
| 30 | HOLLEY PERFORMANCE PRODUCTS<br>ATTN: SCOTT MCLAUGHLIN<br>4100 W. 150TH STREET<br>CLEVELAND, OH 44135 | HOLLEY PERFORMANCE PRODUCTS<br>Email: scottmclaughlin@holley.com | TRADE CLAIM | | | | $263,381 |

**Fill in this information to identify the case and this filing:**

Debtor Name __PARTS iD, Inc._____

United States Bankruptcy Court for the: _____ District of __DE____
(State)

Case number (If known): _____

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ Other document that requires a declaration __Corporate Ownership Statement; List of Equity Security Holders__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____      X _____
MM / DD / YYYY              Signature of individual signing on behalf of debtor

Lev Peker
Printed name

Chief Executive Officer
Position or relationship to debtor

Official Form 202    Declaration Under Penalty of Perjury for Non-Individual Debtors

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PARTS iD, Inc.,<br><br>Debtor. | Chapter 11<br><br>Case No. 23-_____ (___) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1, the undersigned authorized officer of PARTS iD, Inc., the above-captioned debtor, hereby certifies that the following corporate entities, other than a government unit, own the specified percentage of PARTS iD, Inc.'s equity interests, as of the date hereof:

| Entity | Percentage Interest |
|---|---|
| Onyx Enterprises Canada Inc. | 33% |
| Cede & Co | 47% |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PARTS iD, Inc.,<br><br>Debtor. | Chapter 11<br><br>Case No. 23-_____ (___) |

## LIST OF EQUITY SECURITY HOLDERS

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, PARTS iD, Inc. hereby provides the following list of holders of equity interests.[1]

| Name and Address of Interest Holder | Percentage Interest |
|---|---|
| Cede & Co<br>570 Washington Blvd<br>Jersey City, NJ 07310 | 47% |
| Onyx Enterprises Canada Inc.<br>2 Bloor Street W., Suite 2006<br>Toronto, Ontario, Canada M4W 3E2 | 33% |
| Stanislav Royzenshteyn<br>P.O Box 175, Wickatunk, NJ 07765 | 14% |

---

[1] The Debtors are requesting to limit their compliance with Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure by disclosing only those equity security holders that hold 5% or more of common shares in PARTS iD, Inc. *See Motion of the Debtors for Entry of an Order Authorizing the Debtors to (I) Redact or Withhold Publication of Certain Personal Identification Information and (II) Limiting Certain Equity Security Holdings Disclosures.*

ACTIVE\200871458.1