# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> PARTS iD Inc., *et al*.,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 23-12098 (LSS) <br><br> (Jointly Administered) <br><br> **Objection Deadline: January 22, 2024 at 4:00 p.m. (EST)** <br> **Hearing Date: To Be Determined** |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE ASSUMPTION OF THE TAX PROCESSING AGREEMENT, (II) FIXING THE CURE COST IN CONNECTION THEREWITH, AND (III) GRANTING RELATED RELIEF

By this motion (the "Motion"), the debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") seek entry of an order pursuant to sections 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing the debtors to assume the Tax Processing Agreement (as defined below) between PARTS iD, LLC and Avalara, Inc. ("Avalara"); (ii) fixing the amount necessary to cure any prepetition defaults (the "Cure Cost") in connection therewith; and (iii) granting related relief. In support of the Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these chapter 11 cases, the Debtors, property of the Debtors' estates and this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012 (Sleet, C.J.). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: PARTS iD, Inc. (4868) and PARTS iD, LLC (5607). The corporate headquarters and the mailing address for the Debtors is 1 Corporate Drive, Suite C, Cranbury, NJ 08512.

2.       Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.       Venue of these cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

4.       The statutory bases for the relief requested in this Motion are sections 363 and 365 of the Bankruptcy Code, and Bankruptcy Rules 6004 and 6006.

## BACKGROUND

5.       On December 26, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief with the Court under chapter 11 of the Bankruptcy Code, thereby commencing the Chapter 11 Cases.

6.       The Debtors remain in possession of their properties and continue to operate their business and manage their property as debtors in possession. As of the date hereof, no trustee, examiner, or creditors' committee has been appointed in these Chapter 11 Cases.

7.       Additional factual background regarding the Debtors, including their business operations, capital and debt structures and the events leading to the filing of these chapter 11 cases, is set forth in the *Declaration of Lev Peker in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 19] (the "First Day Declaration"), which is incorporated herein by reference.

## CONTRACT TO BE ASSUMED

8.       On the Petition Date, the Debtors filed the *Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay (A) Certain Prepetition Taxes and*

*Fees and (B) Tax Processing Fees, and (II) Granting Related Relief* [D.I. 9] (the "Tax Motion").[2] On December 28, 2023, the Court entered an order granting the Tax Motion on an interim basis [D.I. 53] (the "Interim Tax Order").

9. As described in the Tax Motion, the Debtors pay Sales Taxes in all fifty states and rely on the services of Avalara to pay those Sales Taxes timely, accurately, and efficiently. In the ordinary course of business, pursuant to the terms of the service agreement between the Debtors and Avalara, a copy of which is attached as Exhibit 1 to **Exhibit A** (the "Tax Processing Agreement"), Avalara calculates, pays, and remits the amount of Taxes and Fees the Debtors owe to various Taxing Authorities. Under the terms of the Tax Processing Agreement, the Debtors pay Avalara approximately $16,000 per month.

10. Pursuant to the Interim Tax Order, the Debtors are authorized to make payment of certain Taxes and Fees and require the services of Avalara to do so. Accordingly, to perform its responsibilities in accordance with the Interim Tax Order, the Debtors seek to assume the Tax Processing Agreement and pay the Cure Cost of $46,000 to ensure that there is no delay or interruption in the provision of services by Avalara pursuant to the Tax Processing Agreement. Any interruption in the Debtors' ability to calculate, pay and remit Taxes and Fees may lead to unnecessary and irreparable harm to the Debtors' estates.

## RELIEF REQUESTED

11. The Debtors request the entry of an order, substantially in the form attached to the motion as **Exhibit A** (the "Order"), authorizing the Debtors to assume the Tax Processing Agreement and pay the Cure Cost in connection therewith.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Tax Motion.

**BASIS FOR RELIEF REQUESTED**

12. Bankruptcy Code section 365(a) provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). In order for a debtor assume an executory contract, a debtor must cure any defaults before assumption, including monetary defaults, or provide adequate assurance that it will promptly cure any such defaults. 11 U.S.C. § 365(b)(1); *In re Dura Auto. Sys., LLC*, 628 B.R. 750, 754 (Bankr. D. Del. 2021).

13. Courts apply a business judgment standard in determining whether a debtor is justified in assuming or rejecting an executory contract. *See, e.g., Sharon Steel Corp. v. National Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 40 (3d Cir. 1989); *In re Gardinier, Inc.*, 831 F.2d 974, 975 n.2 (11th Cir. 1987); *In re Wells*, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998); *In re III Enterprises, Inc. V,* 163 B.R. 453, 469 (Bankr. E.D. Pa. 1994) (citations omitted) ("Generally, a court will give great deference to a debtor's decision to assume or reject the contract. A debtor need only show that its decision to assume or reject the contract is an exercise of sound business judgment – a standard which we have concluded many times is not difficult to meet."); *see also Nat'l Labor Relations Bd. v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982), *aff'd*, 465 U.S. 513 (1984). Under the business judgment rule, "management of a corporation's affairs is placed in the hands of its board of directors and officers, and the Court should interfere with their decisions only if it is made clear that those decisions are, inter alia, clearly erroneous, made arbitrarily, are in breach of the officers' and directors' fiduciary duty to the corporation, are made on the basis of inadequate information or study, are made in bad faith, or are in violation of the Bankruptcy Code." *In re Farmland Indus., Inc.*, 294 B.R. 855, 881 (Bankr. W.D. Mo. 2003) (citing *In re United Artists Theatre Co.*, 315 F.3d 217, 233 (3d Cir. 2003); *see also Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303 (5th Cir. 1985); *In re*

*Defender Drug Stores, Inc.*, 145 B.R. 312, 317 (B.A.P. 9th Cir. 1992)); *Gardinier*, 831 F.2d at 975 n.2.

14. In order to satisfy the business judgment rule, a debtor must carry its burden to show some benefit to the estate. *Crystalin, LLC v. Selma Props. Inc. (In re Crystalin, LLC)*, 293 B.R. 455, 464 (B.A.P. 8th Cir. 2003). However, courts emphasize that "this test is not an onerous one." *Id*. at 463; *see also In re AbitibiBowater, Inc.*, 418 B.R. 815, 831 (Bankr. D. Del. 2009) (the business judgment standard is "not a difficult standard to satisfy"). And courts should find this prong of the analysis met "as long as the proposed action appears to enhance the debtor's estate." *Crystalin*, 293 B.R. at 464 (quoting *Four B. Corp. v. Food Barn Stores, Inc. (In re Food Barn Stores, Inc.)*, 107 F.3d 558, 566 n.16 (8th Cir. 1997) (internal alterations and quotations omitted)). Once a benefit to the estate has been shown, only a finding of "bad faith or gross abuse of . . . 'business discretion'" should prevent the debtor from assuming the contract. *Id*. at 464 (quoting *Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1047 (4th Cir. 1984)).

15. Upon a finding that a debtor has exercised its sound business judgment in determining that assumption of an agreement is in the best interests of its estate, the Court should approve the assumption under Bankruptcy Code section 365(a). *See, e.g., In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992); *In re TS Indus., Inc.*, 117 B.R. 682, 685 (Bankr. D. Utah 1990); *In re Del Grosso*, 115 B.R. 136, 138 (Bankr. N.D. Ill. 1990); *In re Ionosphere Clubs*, Inc., 100 B.R. 670, 673 (Bankr. S.D.N.Y. 1989).

16. Here, the Debtors, exercising their sound business judgment, have determined that assumption of the Tax Processing Agreement and payment of the associated Cure Cost is in the best interest of the Debtors' estates. The Debtors have a significant need for the Tax Processing Agreement as it will enable Avalara to continue providing services that are critical to the Debtors'

operations during these Chapter 11 Cases, including the payment of Taxes and Fees. Accordingly, the Debtors respectfully request that this Court authorize the Debtors to assume the Tax Processing Agreement.

17. Because the Debtors are in default under the Tax Processing Agreement due to unpaid, prepetition amounts, the Debtors are required to cure such defaults in order to assume the Tax Processing Agreement under Section 363 of the Bankruptcy Code. 11 U.S.C. § 365(b)(1). Therefore, the Debtors also request the authority to pay the Cure Cost of $46,000.

### Relief Under Bankruptcy Rules 6004(h) and 6006(d) Is Appropriate

18. Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise," while Bankruptcy Rule 6006(d) provides that an "order authorizing the trustee to assign an executory contract or unexpired lease . . . is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." The Debtors request that the Court waive the 14-day stay period under Bankruptcy Rules 6004(h) and 6006(d). Timely assumption of the Agreement is of critical importance to these chapter 11 cases and the Debtors' efforts to preserve and maximize the value of their estates.

### NOTICE

19. Notice of this emergency Motion has been or will be provided to: (a) the United States Trustee for the District of Delaware; (b) the Plan Sponsor; (c) the Debtors' consolidated list of top-thirty creditors; (d) Avalara; and (e) all parties who have filed a notice of appearance pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in the motion and such other and further relief as the Court deems appropriate.

| | |
|---|---|
| Dated: January 8, 2024<br>Wilmington, Delaware | Respectfully submitted,<br><br>**DLA PIPER LLP (US)**<br><br> /s/ R. Craig Martin<br>R. Craig Martin (DE 5032)<br>1201 N. Market Street, Suite 2100<br>Wilmington, Delaware 19801<br>Telephone: (302) 468-5700<br>Facsimile: (302) 394-2341<br>Email: craig.martin@us.dlapiper.com<br><br>-and-<br><br>Erik F. Stier (admitted *pro hac vice*)<br>500 8th Street, NW<br>Washington, D.C. 20004<br>Telephone: (202) 799-4258<br>Facsimile: (202) 799-5000<br>Email: erik.stier@us.dlapiper.com<br><br>*Proposed Counsel for the Debtors* |