IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PARTS iD, Inc. *et al.*,[1]<br><br>          Debtors. | Chapter 11<br><br>Case No. 23-12098 (LSS)<br><br>(Jointly Administered)<br><br>**RE: D.I. 16** |

**MOTION OF THE DEBTORS FOR
ENTRY OF AN ORDER SHORTENING NOTICE AND
OBJECTION PERIODS IN CONNECTION WITH THE DEBTORS' APPLICATION
PURSUANT TO SECTIONS 105(A) AND 363(B) OF THE BANKRUPTCY
CODE TO (I) RETAIN SRV PARTNERS, LLC TO PROVIDE THE DEBTORS AN
INTERIM CHIEF FINANCIAL OFFICER AND CERTAIN ADDITIONAL PERSONNEL
AND (II) DESIGNATE ARKADY A. GOLDINSTEIN AS INTERIM CHIEF FINANCIAL
OFFICER FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**

The above-captioned debtors and debtors in possession (together, the "Debtors"), by and through their proposed counsel, DLA Piper LLP (US), hereby submit this motion (this "Motion to Shorten") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), shortening the notice and objection periods in connection with the *Debtors' Application Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code to (I) Retain SRV Partners, LLC to Provide the Debtors an Interim Chief Financial Officer and Certain Additional Personnel and (II) Designate Arkady A. Goldinstein as Interim Chief Financial Officer for the Debtors Effective as of the Petition Date* (the "Application")[2] In support of this Motion to Shorten, the Debtors respectfully state as follows:

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PARTS iD, Inc. (4868) and PARTS iD, LLC (5607). The corporate headquarters and the mailing address for the Debtors is 1 Corporate Drive, Suite C, Cranbury, NJ 08512.

[2]     Capitalized terms used but not otherwise defined in this Motion to Shorten have the meaning given to them in the Application.

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these chapter 11 cases, the Debtors, property of the Debtors' estates, and this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2. Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with article III of the United States Constitution.

3. Venue of these cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for relief requested in this Motion to Shorten are Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 9006-1(c) and 9006-1(e).

**BACKGROUND**

5. On December 26, 2023 (the "Petition Date") each Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing these chapter 11 cases (these "Chapter 11 Cases"). The Debtors continue to operate their business and manage their property as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no trustee, examiner or official committee of unsecured creditors has been appointed in these Chapter 11 Cases.

6. Additional factual background regarding the Debtors, including their business operations, capital and debt structures and the events leading to the filing of these Chapter 11 Cases, is set forth in detail in the *Declaration of Lev Peker in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 19] which is fully incorporated herein by reference.

## RELIEF REQUESTED

7. By this Motion to Shorten, the Debtors request that this Court enter an order, substantially in the form of the Proposed Order, pursuant to Bankruptcy Rule 9006 and Local Rules 9006-1(c) and 9006-1(e), (a) shortening the notice and objection periods for approval of the Application, (b) setting the hearing on the relief sought by the Application for January 17, 2024 at 3:00 p.m. (the "Hearing"), (c) requiring that any objections to the relief sought by the Motion be filed prior to or at the Hearing, and (d) granting related relief.

## BASIS FOR RELIEF

8. By the Motion, the Debtors seek relief under section 363 of the Bankruptcy Code to retain SRVP for the purposes of providing Arkady A. Goldinstein to serve as the Interim CFO of the Debtors and for the provision of Additional Personnel, if needed, to support the Interim CFO in (1) assisting the Debtors in their restructuring efforts, (2) performing financial analyses, treasury and financial reporting functions, and (3) carry out certain bankruptcy-related reporting responsibilities.

9. Local Rule 9006-1(c)(i) provides that unless the Bankruptcy Rules or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i). Pursuant to Local Rule 9006-1(e), such period may be shortened by order of the Court upon written motion "specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

Moreover, according to Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, the Court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonness of motions to shorten "[g]iven the accelerated time frame of bankruptcy proceedings"). Should the Court grant this Motion to Shorten, the Debtors respectfully request that all objections be filed and served before or made orally at the Hearing.

10. As described in the Application, the Debtors require the services of SRVP and the Interim CFO because they require the continued oversight and restructuring expertise of the Interim CFO to navigate these complex, Chapter 11 Cases. The Interim CFO has been serving the Debtors since prior to the Petition Date, and has continued to do so through the first day hearing and assisting in issues related to confirmation of the Debtors' chapter 11 plan.

11. As a result of the expedited nature of these cases, it is critical that SRVP's retention is approved as soon as possible to ensure prompt payment of SRVP's monthly fees. The Debtors require the continued service of the Interim CFO, and would not be in the position they are today without his support. Any delay in the approval of SRVP's retention would negatively impact the Debtors' ability to consummate the transactions proposed in these Chapter 11 Cases. Further, scheduling the Application for the Hearing will promote judicial economy as it eliminates the need for an additional hearing, which would be burdensome on the Court, the Debtors, the Debtors' estates, and other parties in interest.

12. Notably, the Application was filed on the Petition Date, and therefore, at the time of the Hearing, all parties will have had at least twenty-two days' notice that the Debtors intend to

retain SRVP and the Interim CFO. The Debtors intended to timely notice the Application for the Hearing, but overlooked preparing notice while attending to issues arising from the first day hearing.

13. Pursuant to Local Rule 9006-1(e), this Court may rule on this Motion to Shorten without the need for a hearing, and accordingly, the Debtors request that this Motion to Shorten be granted without the need for a hearing.

## LOCAL RULE 9006-1(e) AVERMENT

14. Pursuant to Local Rule 9006-1(e), the Debtors have made reasonable efforts to procure support for the relief sought in this Motion to Shorten from the U.S. Trustee, but have not obtained a response from the U.S. Trustee as of the filing of the Motion to Shorten.

## NOTICE

15. Notice of this Motion to Shorten will be provided to (a) the Office of the United States Trustee for the District of Delaware; (b) the Office of the United States Attorney for the District of Delaware; (c) each of the parties included on the Debtors' consolidated list of the thirty (30) largest unsecured creditors; (d) counsel to the DIP Lender; (e) counsel to the Senior Secured Lender; (f) counsel to the MCA Lenders; (g) the Subordinated Secured Noteholders; (h) Pravati Investment Fund VI LP; (i) counsel to the Vendor Group; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested in this Application, the Debtors respectfully submit that no further notice is necessary.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form of the Proposed Order attached hereto as **Exhibit A**, granting the relief requested in this Motion to Shorten, and grant such other and further relief as the Court deems just and proper.

Dated:  January 8, 2024
       Wilmington, Delaware

Respectfully submitted,

**DLA PIPER LLP (US)**

*/s R. Craig Martin*
R. Craig Martin (DE 5032)
1201 N. Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email:  craig.martin@us.dlapiper.com

-and-

Erik F. Stier (admitted *pro hac vice*)
500 8th Street, NW
Washington, D.C. 20004
Telephone: (202) 799-4258
Facsimile: (202) 799-5000
Email: erik.stier@us.dlapiper.com

*Proposed Counsel for the Debtors*